UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.   17-cr-10269-WGY |
| ) | |
| REGINALD ABRAHAM, ) | |
| ) | |
| Defendant ) | |

## GOVERNMENT'S MEMORANDUM OF LAW REGARDING AGGRAVATING ROLE SENTENCING ENHANCEMENT

The government understands this Court's practice to put guideline sentencing enhancements before the jury to be proven beyond a reasonable doubt.   The government, however, objects to this procedure for proving a sentencing enhancement.   The government will be seeking an aggravating role sentencing enhancement under U.S.S.G. § 3B1.1 in this case because the defendant was the leader and organizer of other participants in his sex-trafficking operation, including four of the victims who served as "bottoms" in his operation.   Because the aggravating role sentencing enhancement does not increase the statutory maximum sentence for the charged crime, 18 U.S.C. § 1591, the enhancement must only be proven by a preponderance of evidence at sentencing.   *See, e.g.*, *United States v. Burgos–Figueroa*, 778 F.3d 319, 320 (1st Cir. 2015) ("[A] sentencing enhancement must be supported by a preponderance of the evidence.") (citation omitted); *see also United States v. McCormick*, 773 F.3d 357, 359 (1st Cir. 2014) ("The government has the burden of proving the propriety of an upward role-in-the-offense adjustment.   It must carry this burden by a preponderance of the evidence.") (citation omitted).   Based on this binding First Circuit precedent, the government objects to the inclusion

1

of a question on the verdict form regarding the role enhancement.

Notwithstanding the above, and without waiving its objection, if the Court determines that a jury verdict form question regarding a role enhancement is appropriate, the government requests that the question be applicable to any guilty finding by the jury for any count, rather than solely a guilty finding as to the count involving J.N. The defendant should receive an aggravating role enhancement based not only on his organizing and leadership of the men who took turns gang raping and beating J.N., but also because he used E.S., T.B., K.G., and J.N. as "bottoms," to assist him in promoting and furthering his sex-trafficking operations. Because these women undertook "bottom" activities, which the defendant organized and led, they are not only victims, but participants within the meaning of the Sentencing Guidelines.

To be eligible for an enhancement for role in the offense, the Commentary to the Guidelines states: "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1 app. n.2. "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." *Id.* at app. n.1. Further, the Commentary addressing sentencing for violations of 18 U.S.C. § 1591, the charged statute, states: "For the purposes of § 3B1.1 (Aggravating Role), a victim, as defined in this guideline, is considered a participant only if that victim assisted in the promoting of a commercial sex act or prohibited sexual conduct in respect to another victim." *Id.* § 3G1.1 app. n.3. The Commentary specifically contemplates victims who may also be participants based on their promotion of commercial sex acts.

In this case, the government has presented evidence that E.S. posted prostitution

advertisements on Backpage.com and taught T.B. how to be a "bottom" in the defendant's operation.   T.B. served as a "bottom," and in that capacity, she posted advertisements on Backpage.com, activated cell phones connected to those advertisements, booked hotels for prostitution dates, drove other victims to hotels to engage in commercial sex, and doled out drug servings to the other victims as directed by the defendant.   K.G. testified that she drove other women to prostitution dates and opened a checking account for the defendant to pay for hotels used for those dates.   J.N. testified that she also doled out drug servings, booked hotel rooms, and picked out clothing for the other victims to wear.   Through their "bottom" activities, these victims promoted commercial sex acts at the defendant's direction.   Further, all the victims testified that as "bottoms," they were responsible for informing the defendant when other victims violated his rules.   This responsibility, imposed on the "bottoms" through fear of physical violence, threats, and coercion, further contributed to the atmosphere of fear necessary for the defendant to sustain his sex-trafficking operations.

   Appellate courts have recognized that a trafficking victim who nevertheless assists a trafficker with respect to other victims may be considered a "participant" for purposes of a sentencing enhancement under U.S.S.G. § 3B1.1.   *See, e.g.*, *United States v. Smith*, 719 F.3d 1120, 1126 (9th Cir. 2013) (affirming imposition of two-level enhancement under § 3B1.1(c) where there was "ample evidence" that defendant assigned his "'bottom bitch' to groom [another victim] for her prostitution responsibilities and that [she] undertook a number of steps in doing so;" it was "immaterial" that the bottom "did not herself commit the same underlying offense as [the defendant], so long as she was a knowing accessory to his crime"); *United States v. Britton*, 567 F. App'x 158, 161 (3d Cir. 2014) (holding that the defendant's "bottom bitch" qualified "as

a 'participant' led or organized by [the defendant] because she assisted in promoting prohibited sexual conduct with respect to other victims"); *United States v. Scott*, 529 F.3d 1290, 1304 (10th Cir. 2008) (holding that one of the defendant's prostitutes qualified as a "participant" under § 3B1.1 because she "aided [the defendant] in transporting [another victim] to Texas by encouraging [that victim] to join them in the vehicle and by reassuring her of the purportedly benign purposes of the trip").

For these reasons, the defendant should receive an aggravating role sentencing enhancement under § 3B1.1 for his leadership and organizing of these "bottoms" and of the men who gang raped and beat J.N.   The government will seek this enhancement at sentencing and objects to the inclusion of a jury verdict question regarding this enhancement.   Should the Court find a jury verdict form question appropriate, that question should be applicable to any guilty finding by the jury for any count.

Respectfully submitted,

Andrew E. Lelling
United States Attorney

By:  /s/ Stephen W. Hassink
Leah B. Foley
Stephen W. Hassink
Assistant U.S. Attorneys

Date:   July 23, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            */s/ Stephen W. Hassink*
                                            Stephen W. Hassink
                                            Assistant United States Attorney

Date:   July 23, 2019